UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | |
|---|---|
| MARGARITA E. PEREZ, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>BUILDING FUTURES; and )<br>ANDREW L. CORTES, )<br>)<br>Defendants. )<br>) | CIVIL ACTION NO. |

## COMPLAINT

### INTRODUCTION

**NOW COMES**, the Plaintiff, Margarita E. Perez, and hereby commences this action against her former employer, Building Futures, and her former supervisor, Andrew L. Cortes (collectively, the "Defendants"), and alleges as follows:

### PARTIES

1. The Plaintiff, Margarita E. Perez ("Plaintiff") is an individual residing at 4 Appleseed Drive, Greenville, Rhode Island 02828 and has been so at all times relevant to this matter.

2. The Defendant, Building Futures, is a Rhode Island Non-Profit Corporation with a principal office located at 1 Acorn Street, Providence, Rhode Island 02903.

3. The Defendant, Andrew L. Cortes (hereinafter "Mr. Cortes"), was at all times relevant hereto the Executive Director of Building Futures. At all times relevant hereto, Mr. Cortes had supervisory capacity over Plaintiff and was the direct perpetrator and decision-maker with respect to the allegations made herein. Pursuant to Building Futures Personnel Policies &

Procedures Manual ("Policies and Procedures Manual") Mr. Cortes had sole discretion in any and all terminations.

## JURISDICTION AND VENUE

4. Jurisdiction is invoked pursuant to 29 U.S.C. § 2617 and R.I.G.L. §42-112-2.

5. This Court's exercise of supplemental jurisdiction over Plaintiff's state claims is warranted as they are so related to Plaintiff's federal claims that they form part of the same case or controversy. This Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. §1367(a).

6. Venue is proper because all actions complained of herein occurred in the State of Rhode Island.

## FACTUAL BACKGROUND

7. The Plaintiff is Hispanic.

8. The Plaintiff has a disability or was perceived to have a disability by the Defendants.

9. At all times relevant hereto, Plaintiff was in treatment under the care of Elisy Blanco-Mercado, LICSW, a Rhode Island Licensed Clinical Social Worker.

10. Plaintiff began employment with Defendant, Building Futures, in or around November of 2008 as a Secretary/Program Assistant.

11. At all times relevant hereto Plaintiff maintained a satisfactory employment record.

12. As demonstrated in the Defendant Building Futures' Policies & Procedures Manual, Plaintiff was entitled to twelve (12) days of paid sick leave per year and twenty (20) days of paid vacation per year.

13. Defendant's Building Futures' policies entitled Plaintiff to a minimum of thirty-two (32) paid days off per calendar year.

14. Defendant Building Futures' policies also stated that Plaintiff was entitled to leave under the Family and Medical Leave Act (FMLA).

15. The only requirements for leave under the Defendant Building Futures' FMLA policy were that the employee "must have worked for the company for 12 months or 52 weeks, which need not have been consecutive" and that "the employee must have worked at least 1,250 hours during the 12-month period immediately before the date when the leave is requested to commence."

16. On or around December 28, 2018, Plaintiff's Licensed Clinical Social Worker requested that Plaintiff be granted medical leave to treat Plaintiff's mental health.

17. Plaintiff submitted a request for leave to her supervisor pursuant to Defendant Building Futures' policy.

18. Plaintiff's leave request was granted.

19. During this leave, Plaintiff's Licensed Mental Social Worker requested that Plaintiff take additional leave from January 10, 2019 until January 17, 2019, in furtherance of her treatment.

20. Upon information and belief, Plaintiff's supervisor directed this request to Defendant, Building Future's, Executive Director, Defendant Andrew L. Cortes.

21. Mr. Cortes, improperly informed Plaintiff that an employee was required to provide a doctor's note for any medical leave longer than three days despite R.I. Gen. Laws § 28-57-6 and 29 C.F.R. § 825.125 only requiring documentation from a healthcare professional or health care provider, respectively.

22. Defendants willfully interfered with Plaintiff's right to leave under the FMLA as provided for in Building Futures' policy.

23. Defendants terminated Plaintiff's employment on January 17, 2019.

24. At the time of termination Plaintiff had not exhausted her allotted leave under the company's FMLA, sick, or vacation time policies.

25. Defendants stated, in writing, that Plaintiff was being terminated because she requested medical leave.

26. At no time did the Defendants engage in the interactive process or discuss potential accommodations for Plaintiff's disability.

27. At no time did Defendants comply with Building Futures' FMLA policy.

28. Plaintiff was denied the ability to take protected leave pursuant to the FMLA and exercising her rights under the FMLA.

29. Defendants' Termination Letter demonstrated a willful and reckless disregard for whether their conduct violated the FMLA.

30. Upon information and belief, Plaintiff's only other Hispanic coworker was terminated within a few days of Plaintiff's termination.

## COUNT I
## Violation of the Family and Medical Leave Act ("FMLA")
## 29 U.S.C. § 2615 – Interference

31. Plaintiff hereby incorporates by reference all Paragraphs of the Complaint as though set forth fully herein.

32. On or about January 17, 2019, Plaintiff was an eligible employee within the meaning of meaning of 29 U.S.C. §2611(2) as she was employed for at least twelve (12) months

by the Defendants and had at least 1,250 hours of service during the previous twelve (12) month period.

33. On or about January 11, 2019, Plaintiff had a visit with her Licensed Clinical Social Worker wherein it was noted that Plaintiff was suffering from a mental health diagnosis that was significantly impacting here ability to fulfill her essential functions at work.

34. On or about January 11, 2019, Plaintiff's Licensed Clinical Social Worker provided documentation to Defendants stating that Plaintiff was currently receiving treatment under her care and that she would require a leave of absence from January 10, 2019 until January 17, 2019.

35. Defendants were required to grant up to twelve (12) weeks of unpaid leave, and at the conclusion thereof, restore Plaintiff to the same or equivalent position in accordance with 29 U.S.C. § 2601 et seq.

36. Defendants failed to provide Plaintiff with an "eligibility notice" as required pursuant to 29 C.F.R. § 825.300(b).

37. Defendants failed to provide Plaintiff with a "rights and responsibilities notice" as required pursuant to 29 C.F.R. § 825.300(c).

38. Defendants failed to provide Plaintiff with an "designation notice" as required pursuant to 29 C.F.R. § 825.300(d).

39. Defendants failed to notify Plaintiff as to the amount of leave taken that counted towards Plaintiff's FMLA leave entitlement in violation of 29 C.F.R. § 825.300(d)(6).

40. As a result of Defendants' failure to provide Plaintiff with all required notices, Plaintiff was not appropriately informed as to when she was required to return to work.

41. Plaintiff's termination was a direct result of Defendants' failure to provide the required notices.

42. Defendants' failure to provide Plaintiff with her eligibility notice, rights and responsibilities notice, and designation notice constitute an interference with, restraint, and/or denial of Plaintiff's exercise of FMLA rights.

43. Defendants' failure to provide the required notices to Plaintiff constitutes a willful violation, as Plaintiff exercised her right to FMLA leave on January 11, 2019, and Defendants acknowledged in writing that they would not comply the requirements of the FMLA.

44. Defendant, Building Futures, is a covered employer within the meaning of 29 U.S.C § 2601 et seq., as it specifically adopted the provisions of the FMLA and represented to its employees that they were entitled to coverage under the Act.

### Count II
### Violation of the Family and Medical Leave Act ("FMLA")
### 29 U.S.C. § 2615 - Retaliation

45. Plaintiff hereby incorporates by reference all Paragraphs of this Complaint as though set furth fully herein.

46. Plaintiff engaged in a protected activity by invoking her right to FMLA leave by notifying the Defendants of her need for medical leave.

47. Plaintiff suffered an adverse job action when Defendants terminated her employment on or about January 17, 2019.

48. In the Defendants' Termination Letter to Plaintiff, the Defendants stated that she was being terminated as a result of her leave request.

49. Defendants' Policies & Procedures Manual explicitly states that: Building Futures will provide paid, unpaid or a combination of paid and unpaid leave, depending on the circumstances of the leave and as specified by the FMLA. To qualify to take family or medical

leave, an employee must meet the following conditions: The employee must have worked for the company for 12 months or 52 weeks, which need not have been consecutive. The employee must have worked at least 1,250 hours during the 12-month period immediately before the date when the leave is requested to commence.

50. Defendants' actions in retaliating against Plaintiff were willful, and not made in good faith as evidenced by Defendants' Termination Letter.

## COUNT III
## R.I.G.L. § 42-112-1
## The Rhode Island Civil Rights Act of 1990

51. Plaintiff hereby incorporates by reference all Paragraphs of the Complaint as though set forth fully herein.

52. Defendants had actual knowledge that Plaintiff was under the continuing treatment of a health care provider for a disabling condition.

53. Defendants had actual knowledge that Plaintiff is Hispanic/Latino.

54. Defendants regarded Plaintiff as disabled due to notifications received from her health care providers.

55. As a direct result of Defendants' perception of Plaintiff as disabled, Plaintiff suffered an adverse job action when she was wrongfully terminated on or about January 17, 2019.

56. Alternatively, as a direct result of Defendants' perception of Plaintiff as a Hispanic/Latino individual, Plaintiff suffered an adverse job action when she was wrongfully terminated on or about January 17, 2019.

57. Upon information and belief, Plaintiff's only other Hispanic/Latino coworker was terminated the same day and or week as Plaintiff.

58. Upon information and belief, Plaintiff was treated differently than similarly situated employees outside of her protected class.

59. Defendants unlawfully terminated Plaintiff's employment because of her perceived disability/disabilities in violation of R.I.G.L. § 42-112-1.

60. Alternatively, Defendants unlawfully terminated Plaintiff's employment because of her race and/or color in violation of R.I.G.L. § 42-112-1.

61. Defendants purposefully and maliciously perpetrated wrongful and intentionally discriminatory actions herein complained of in violation of R.I.G.L. § 42-112-1 because Plaintiff was regarded as an individual with a disability and/or disabilities.

62. Defendants purposefully and maliciously perpetrated wrongful and intentionally discriminatory actions herein complained of in violation of R.I.G.L. § 42-112-1 because of Plaintiff's race and/or color.

## PRAYER FOR RELIEF

**WHEREFORE**, the Plaintiff, Margarita E. Perez, prays the Court grant the following relief:

1. A finding declaring the Plaintiff as the prevailing party in this action;

2. A finding that Defendants shall make Plaintiff whole for all damages suffered as a result of the wrongful acts and omissions alleged in each count herein, including, inter alia, back pay, front pay, the value of lost fringe benefits and other pecuniary damages to be determined by a jury, compensatory and exemplary damages, costs, and attorney's fees;

3. A permanent injunction against Defendants prohibiting future violations of the Family and Medical Leave Act and the Rhode Island Civil Rights Act;

4. A finding, that Defendants are liable to Plaintiff for an appropriate award of compensatory damages for the wrongful acts alleged in each Count herein including, without limitation, Plaintiff's compensatory damages to be determined by a jury;

5. A finding that Defendants are liable to Plaintiff for an award of liquidated damages pursuant to 29 U.S.C. § 2617(a)(1)(A)(iii);

6. An Order declaring that the acts and practices complained of herein are in violation of the Family and Medical Leave Act and the Rhode Island Civil Rights Act;

7. A finding after judgment in Plaintiff's favor, that Defendant is liable to Plaintiff for an award of her reasonable attorney's fees, litigation costs and other costs of this action, together with a post-trial hearing to determine the amount of Plaintiff's reasonable attorney's fees taxable to Defendants, along with a determination of Plaintiff's litigation costs and expenses taxable to Defendants;

8. An appropriate award of prejudgment interest on all sums recovered;

9. Such other further relief as this Court deems just and proper.

## JURY TRIAL DEMAND

Plaintiff claims trial by jury on all issues triable by right to a jury. Nicholas J. Hemond, Esq. is hereby designated as trial counsel.

Dated: January 14, 2022

Respectfully Submitted,

Plaintiff, Margarita E. Perez

By her attorney,

s/ Nicholas J. Hemond
Nicholas J. Hemond (#8782)
DARROW EVERETT LLP
One Turks Head Place
Suite 1200
Providence, RI 02903
(401) 453-1200
nhemond@darroweverett.com